United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIAMOND PLEASANTON
ENTERPRISE, INC.,

        Plaintiff(s),

    v.

THE CITY OF PLEASANTON,

        Defendant(s).
_____/

No. C 12-0254 PJH

**ORDER RE PLAINTIFF'S EX PARTE MOTION FOR CORRECTION OF ORDER SETTING TERMS OF TRO**

    Before the court is plaintiff's ex parte motion for correction of this court's order setting forth the terms of the temporary restraining order (docket 13). Although plaintiff correctly notes that Fed. R. Civ P. 60(a) provides authority for filing its motion ex parte under Civ. L.R. 7-10, because the motion was e-filed, it was not filed without notice to the opposing party, that is, ex parte. The court has received an opposition from defendant, and a reply from plaintiff. It appears that what plaintiff actually seeks is relief on shortened time and without the necessity of a hearing.

    The court has reviewed the parties' papers and rules as follows. First, while the introduction to the motion for temporary restraining order ("TRO") does indicate that plaintiff was seeking an order restraining the defendant from suspending or revoking PCUP-273 or plaintiff's right to operate its nightclub in addition to enforcing Condition No. 5 of the CUP and the automatic suspension provisions of the municipal code, the body of the motion only addressed the latter two issues. After its incorrect citation to an outdated standard for obtaining extraordinary injunctive relief, plaintiff argued a likelihood of success on only the latter two issues – Condition No. 5 as an unconstitutional prior restraint in violation of the First Amendment, and the automatic suspension provision of the municipal code as a

violation of its right to due process under the Fourteenth Amendment.  The discussion of these two issues was followed by an argument on standing which was premised almost entirely on Condition No. 5 of the CUP.  Following which plaintiff asserted the probability of irreparable injury premised on enforcement of Condition No. 5 of the CUP and the automatic suspension provision of the municipal code.  In its conclusion plaintiff asserted that it had clearly demonstrated its entitlement to a TRO "that restrains City from enforcing Condition No. 5, requiring advance City approval to a change in music selection, or from invoking the automatic suspension provision of Section 18.124.130."   Plaintiff thereafter requested that the court issue a "temporary restraining order, and a preliminary or permanent injunction, restraining defendant City from enforcing Condition No. 5 or the automatic suspension provision against Plaintiff or its Club Neo nightclub."

Similarly, the argument at the hearing focused on Condition No. 5 and the automatic suspension provision.  The court was not requested to nor did it have an opportunity to examine and assess the constitutionality of the entire CUP or the entire municipal code as it pertains to CUPs.  Indeed only a copy of the automatic suspension provision of the municipal code was provided to the court.  Because the parties did not address it, the court has no way of knowing whether the seeming unconstitutionality of Condition No. 5 taints the entire CUP or whether it is severable; or whether the automatic suspension provision taints the entirety of the municipal code or whether it is severable.  Plaintiff's counsel's failure to include in the proposed order, the term that he now wishes the court to add, may have been oversight on his part, but the court fully intended to restrain only the two acts that were actually litigated and for which the court found plaintiff demonstrated a likelihood of succeeding on – enforcement of Condition No. 5 and the automatic suspension provision of the municipal code.  Given the shortness of time available for adjudicating this motion the court inadvertently failed to identify and strike the third term from the proposed order to show cause before signing it.  But the court will not adjudicate an issue under the guise of correcting a mistake by the court, the clerk or plaintiff's counsel.  Accordingly the motion is

DENIED.

With that said, it is plaintiff's burden to put this matter clearly before the court. The court has issued an OSC re preliminary injunction and as the court recalls, plaintiff has chosen to rest upon its papers filed in support of the request for a TRO with the expectation that defendant will file an opposition and plaintiff will file a reply. The court, having found that the TRO papers do not squarely address the constitutionality of the entirety of the CUP or the municipal code as it pertains to CUPs, suggests that a more prudent course might be for plaintiff to request the discharge of the OSC and instead file a motion for preliminary injunction. In either case, the hearing will go forward on March 7, 2012. If plaintiff wishes to continue to rest on the papers already filed, the current briefing schedule will apply. If plaintiff chooses to file a new motion, it must do so by February 10, 2012, with the opposition due by February 20, 2012, and the reply by February 23, 2012.

The TRO that has already issued remains in effect until March 7, 2012 when the court considers the advisability of a preliminary injunction pursuant to either the OSC already issued or further motion by plaintiff.

**IT IS SO ORDERED.**

Dated: February 3, 2012

PHYLLIS J. HAMILTON
United States District Judge

3