UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIAMOND PLEASANTON
ENTERPRISE, INC.,

    Plaintiff,

    v.

THE CITY OF PLEASANTON, et al.,

    Defendants.
_____/

No. C 12-0254 PJH

**ORDER GRANTING
MOTION FOR JUDGMENT
ON THE PLEADINGS**

    Defendant City of Pleasanton's motion for judgment on the pleadings came on for hearing before this court on June 13, 2012. Plaintiff Diamond Pleasanton Enterprise, Inc. ("plaintiff") appeared through its counsel, George Mull. Defendant City of Pleasanton ("defendant" or "the City") appeared through its counsel, Clifford Campbell. The individual defendants have not been served and did not join in the motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing, and orders as follows.

    1.    Judgment on the pleadings is GRANTED in favor of defendant on the fourth cause of action (labeled by plaintiff as "tortious interference with an advantageous business relationship") because plaintiff did not plead nor did it comply with the pre-litigation claims procedures found in Cal. Gov. Code § 964, and because pursuant to Cal. Gov. Code § 815, a public entity is not liable in tort unless declared to be so by statute. This cause of action is DISMISSED with prejudice.

    2.    Plaintiff clarified at the hearing that the second cause of action (brought under § 1983) is brought against all defendants, with the 4th, 5th, 8th and 9th Amendment claims being asserted against the individual defendants, and the 14th Amendment "direct" claim

for an equal protection violation being asserted against the City. Judgment on this cause of action is also GRANTED in favor of the City largely because as currently pled it is impossible to determine what specific conduct comprises which constitutional violation and against which defendant each violation is asserted. This cause of action is DISMISSED with leave to amend to cure this deficiency.

3. Even though defendant moved with respect to the third cause of action under 42 U.S.C. § 1985, plaintiff represented at the hearing that it was being brought solely against the individual defendants. However, given the lack of clarity in the complaint, the court sua sponte DISMISSES the third cause of action with leave to amend to identify which of the five constitutional amendments are asserted against which defendants and to specify what conduct of each defendant amounts to a constitutional violation. Similarly, with respect to the first cause of action also under § 1983, although it was not the subject of this motion, it too fails to clarify that it is being asserted only against the City.

Accordingly, the fourth cause of action is DISMISSED with prejudice. The remaining three causes of action may be amended to cure the deficiencies identified at the hearing and summarized above. No additional claims or parties may be added without leave of court. The second amended complaint shall be filed by July 5, 2012.

**IT IS SO ORDERED.**

Dated: June 14, 2012

PHYLLIS J. HAMILTON
United States District Judge