UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIAMOND PLEASANTON
ENTERPRISE, INC.,

    Plaintiff,

    v.

THE CITY OF PLEASANTON, et al.,

    Defendants.
_____/

No. C 12-0254 PJH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**

Defendant City of Pleasanton's motion to strike portions of plaintiff's second amended complaint ("SAC") came on for hearing before this court on August 29, 2012. Plaintiff Diamond Pleasanton Enterprise, Inc. ("plaintiff") appeared through its counsel, George Mull. Defendant City of Pleasanton ("defendant") appeared through its counsel, Clifford Campbell. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part defendant's motion, for the reasons stated at the hearing, and orders as follows.

    1.    The court GRANTS defendant's motion to strike paragraphs 55 through 63 of the SAC. These paragraphs violate the court's order dated June 14, 2012, which required plaintiff to seek leave of court before adding any additional claims. See Dkt. 44. The court also GRANTS defendant's motion to strike plaintiff's corresponding damages prayer, labeled as paragraph (D) in the SAC.

    2.    The court GRANTS defendant's motion to strike paragraphs 64 through 75 of the SAC. Again, these paragraphs violate the court's order dated June 14, 2012, which required plaintiff to seek leave of court before adding any additional claims. See Dkt. 44. The court further notes that paragraph 67 contains allegations of facts that occurred on

June 21, 2012, which is well after the date that plaintiff's first amended complaint was filed. Thus, this paragraph also violates Federal Rule of Civil Procedure 15(d), which requires a plaintiff to obtain leave of court before supplementing a pleading with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

      3.      The court DENIES defendant's motion to strike paragraphs 90, 91, and 94 through 97, because these allegations do correspond to the second cause of action in the first amended complaint. Thus, these allegations do not constitute a "new" claim. For the same reason, the court DENIES defendant's motion to strike paragraph (B) of plaintiff's prayer for damages. However, the court GRANTS defendant's motion to strike paragraph 92, because this paragraph consists of allegations of facts that occurred on April 3, 2012, which is after the filing of plaintiff's first amended complaint. Federal Rule of Civil Procedure 15(d) requires a plaintiff to obtain leave of court before supplementing a pleading with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Because plaintiff did not comply with Rule 15(d), any supplementation was improper, and paragraph 92 is stricken from the SAC. The court also GRANTS defendant's motion to strike paragraph 93, as it contains reference to the "First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment," even though plaintiff has already represented that this cause of action is based only on the equal protection clause of the Fourteenth Amendment. See generally, Dkt. 51, Ex. A.

      Finally, the court DENIES defendant's request for judicial notice. Exhibits A through C of the request are already part of this case's docket, making judicial notice unnecessary, and Exhibit D of the request is irrelevant to plaintiff's causes of action.

**IT IS SO ORDERED.**

Dated: August 29, 2012

PHYLLIS J. HAMILTON
United States District Judge

2