UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND PLEASANTON ENTERPRISE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF PLEASANTON, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-00254-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DENYING DEFENDANT'S REQUEST TO ENFORCE SETTLEMENT**<br><br>Re: Dkt. Nos. 109, 111 |

**INTRODUCTION**

Plaintiff Diamond Pleasanton Enterprise Inc. seeks leave to file a motion for reconsideration of my order granting Defendant City of Pleasanton's motion for summary judgment and denying Diamond's motion for summary judgment.[1]  Its motion is premised on evidence of new facts that are inadmissible and immaterial to my determination.  Diamond's motion is DENIED.

**DISCUSSION**

Diamond once owned a nightclub in Pleasanton, California.  It challenged Pleasanton's conditional use permit requirements as unconstitutional prior restraints of protected speech when applied to bars and music and dance facilities.  On March 8, 2014, I granted Pleasanton's motion for summary judgment, finding that Diamond's facial challenge was moot because Diamond no longer owns a nightclub in Pleasanton and has no specific intention to open a nightclub or any other business there.  Dkt. No. 108.  I also found that Diamond's as-applied challenge failed because Diamond did not respond to the arguments in Pleasanton's motion for summary judgment, did not establish that the First Amendment applies to the conduct at issue and, in any

---

[1] Diamond asserts that its motion is timely because the Court has not yet entered judgment.  I deferred entering judgment solely at Diamond's request to allow Diamond to seek to be declared a prevailing party with respect to an issue resolved earlier in this matter.  Rather than file that motion, Diamond filed the present motion for leave to file a motion for reconsideration.  Diamond has therefore misused the time afforded to it following the issuance of my summary judgment order.  I could, but will not, deny the motion on timeliness grounds alone.

event, the conduct at issue did not implicate the First Amendment because occupancy and alcohol-service conditions do not directly regulate expressive content.

## I. FACIAL CHALLENGE

Diamond seeks leave to file a motion for reconsideration on the grounds that Norcal Coconuts, the party to which Diamond sold its nightclub business, has defaulted and Diamond "has taken repossession of the business." Mot. at 4. In support, Diamond attaches an April 18, 2014, letter from its counsel, George Mull, to Norcal Coconuts stating that Norcal Coconuts has defaulted and must grant Diamond right of entry and possession to the premises. Mull Decl. ¶ 2, Ex. A. Mull also states that "Plaintiff has taken possession of the nightclub premises and the equipment, and is taking active steps to cause the lease and liquor license to be reassigned to it." Mull Decl. ¶ 4.

Mull's letter to Norcal Coconuts is inadmissible hearsay. It is an out of court statement and it is offered for the truth of the matter—that Norcal Coconuts has defaulted. Moreover, it lacks credibility. Mull is Diamond's counsel; not an officer or shareholder. He does not provide any basis for his purported knowledge that Diamond has taken possession of the nightclub and is taking "active steps" to have the lease and liquor license reassigned to it. There is no declaration or other evidence from Dr. Weil, Diamond's sole officer and shareholder, indicating that Diamond has taken possession of the club or is actively seeking to have the lease and liquor licenses reassigned. Further, Pleasanton has submitted a Facebook advertisement for the club operated by Norcal Coconuts, posted the day after Mull's declaration, promoting an event on April 26, 2014. This contradicts Mull's unsupported assertion that Diamond has taken possession of the club. Finally, Dr. Weil previously testified that if Norcal Coconuts defaulted, he would likely find another buyer for the club, not open a new nightclub himself. Nothing in Diamond's new submission undercuts that testimony or changes my determination that Diamond "has no specific intention to open a nightclub or any other business there." Dkt. No. 108 at 8. Accordingly, Diamond has not presented a difference of fact which warrants reconsideration.

## II. AS-APPLIED CHALLENGE

Diamond argues that I erroneously found that it had abandoned its as-applied challenge.

Mot. at 5-7. Diamond mischaracterizes my order. While Diamond argued that Pleasanton's conduct harmed its business, it never responded to Pleasanton's specific arguments that the as-applied claim failed. Withstanding a motion for summary judgment requires more than bare assertions of harm. Moreover, I addressed Pleasanton's arguments, notwithstanding Diamond's failure to do so, and explained why Pleasanton prevailed. *See* Dkt. No. 108 at 4-5 ("In any event, I agree that the conduct at issue does not implicate the First Amendment because occupancy and alcohol-service conditions do not limit directly regulate expressive content. To the extent that the conditions have some incidental impact on the First Amendment, I find that they do not run afoul of the First Amendment because they are reasonable and content neutral."). Diamond has presented no failure by the Court to consider material facts or dispositive legal arguments which warrants reconsideration.

### III. ATTEMPTED SETTLEMENT

Pleasanton asks the Court to enforce a settlement agreement that the parties apparently negotiated before Diamond, without advising Pleasanton, filed its motion for leave to file a motion for reconsideration. Dkt. No. 111 at 9-10. I have reviewed the associated declaration and exhibits submitted by Pleasanton and am sympathetic to Pleasanton's position. However, enforcement of the alleged agreement is a different claim for a different lawsuit. Pleasanton had been concerned that it would have to re-litigate its motion for summary judgment if I granted Diamond's motion. Since I am denying Diamond's motion, Pleasanton's request is moot.

### CONCLUSION

Diamond's motion for leave to file a motion for reconsideration is DENIED. Pleasanton's request to enforce the settlement agreement is DENIED. The Clerk shall enter Judgment in this matter consistent with the Court's summary judgment order at Docket Number 108.

**IT IS SO ORDERED**.

Dated: May 15, 2014

WILLIAM H. ORRICK
United States District Judge