UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND PLEASANTON ENTERPRISE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF PLEASANTON, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-00254-WHO<br><br>**ORDER DENYING NON-PARTY MOTION TO SEAL**<br><br>Re: Dkt. No. 117 |

## INTRODUCTION

Jenny Wolfes was a witness in the above-referenced action. My order granting Pleasanton's motion for summary judgment references her deposition testimony. Wolfes now seeks to have her name "removed or suppressed from the case" because it was posted on leagle.com, a third-party website which provides case law from federal and state courts. Wolfes's motion is DENIED because she has not demonstrated compelling reasons to seal her name from the public record.

## BACKGROUND

Plaintiff Diamond Pleasanton Enterprise, Inc. challenged defendant City of Pleasanton's conditional use permit requirements as unconstitutional prior restraints of protected speech when applied to bars and music and dance facilities. Dkt. No. 84. Pleasanton moved for summary judgment. Dkt. No. 87. In connection with its motion for summary judgment, Pleasanton cited to the transcript of the deposition of Wolfes, a former employee of Diamond. I granted Pleasanton's motion for summary judgment on March 6, 2014.. Dkt. No. 108.

Wolfes, representing herself, has submitted a letter to the Court seeking to have her name sealed. She states:

> I am seeking relief in the above case to have my name Jenny Wolfes removed or suppressed from the case. I am a third party in the case not a plaintiff nor defendant and leagle.com has this case popping up directly under my name on the search engines which is damaging to my professional career.

Dkt. No. 117.

## LEGAL STANDARD

Courts have recognized that the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). An individual seeking to seal a dispositive motion must do more than show good cause for sealing the documents; she must articulate "compelling reasons" in favor of sealing. *Id.* at 1178–180.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

## DISCUSSION

The only document on leagle.com connecting Wolfes to this case is my order granting summary judgment for Pleasanton, filed at docket number 108. Wolfes states that this is "damaging to my professional career," but does not explain how. Dkt. No. 117. Conclusory allegations of professional harm do not outweigh the public's interest in disclosure. *See, e.g.*, Kamakana, 447 F.3d at 1182. Having reviewed the order, which identifies differences between her testimony and that of another witness, I can imagine no compelling reason to seal her name that would be sufficient to override the significant public interest in access to judicial proceedings. Absent extraordinary circumstances, witnesses do not testify anonymously under our system of

laws.  This is not such an extraordinary circumstance.  Wolfes's motion to seal is DENIED.[1]

## CONCLUSION

Wolfes's motion to seal is DENIED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: January 5, 2015



WILLIAM H. ORRICK
United States District Judge

---

[1] It is worth noting that sealing Wolfes's name from the public docket maintained by the Court would not necessarily have the impact she seeks:  leagle.com is not affiliated with the Court, and Wolfes would have to prevail in a separate action against leagle.com to have her name removed from the order already posted by leagle.com.  Wolfes has not explained why such an action would have merit.

3